# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Marc Hayes

**DEFENDANTS**
City of Philadelphia

**(b)** County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Steven C. Feinstein
Feinstein & Fioravanti
2633 E. Allegheny Ave
Philadelphia, PA 19134
(215) 598-2130

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [X] 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC ss 1983, US Constitution

Brief description of cause:
Racial discrimination, violation of Prosedural and Substantive Due Process rights

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 2/23/2024

SIGNATURE OF ATTORNEY OF RECORD: *Steven C. Feinstein*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 635 Bennett Lane, Perkasie, PA 18944

Address of Defendant: 1401 JFK Blvd. Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Philadelphia, Pennsylvania

---

*RELATED CASE IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?  Yes ☐  No ☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?  Yes ☐  No ☐

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: _____  *Steven C. Feinstein*  48737
                     Attorney-at-Law *(Must sign above)*   Attorney I.D. # *(if applicable)*

---

**Civil (Place a √ in one category only)**

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Steven C. Feinstein, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 2/23/2024    *Steven C. Feinstein*    48737
                   Attorney-at-Law *(Sign here if applicable)*   Attorney ID # *(if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC HAYES<br>635 Bennett Lane<br>Perkasie, PA 18944 | :<br>:<br>:<br>: |
| v. | :<br>: |
| | :    NO. |
| CITY OF PHILADELPHIA<br>1401 J.F.K. Boulevard<br>Philadelphia, PA 19102 | :<br>:<br>: |

### CIVIL ACTION

1. Plaintiff is an individual residing at the address above given.

2. Defendant, City of Philadelphia is a political subdivision of the Commonwealth of Pennsylvania, with its principal place of business located at the address above given.

3. At all times relevant hereto, Defendant acted by and through its agents, servants, workmen, and/or employees who, at all times relevant hereto, were acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

### VENUE AND JURISDICTION

4. The Court has jurisdiction under 28 U.S.C. §1331 (federal question) and under 28 U.S.C. §1343 (civil rights).

5. The acts or omissions made the basis of this suit occurred in Philadelphia County, Pennsylvania and in this judicial district, so venue is proper in this Court under 28 U.S.C. §1391.

### INTRODUCTION

6. Plaintiff brings claims of race discrimination against the City of Philadelphia for its violations of 42 U.S.C. §1981 through 42 U.S.C. §1983 for the deprivation of his property as protected by the 14th Amendment to the U.S. Constitution and these federal statutes.

7. Plaintiff limits his requested relief resulting from these claimed violations to reinstatement to his position with the City of Philadelphia, backpay, compensatory and consequential damages, prospective injunctive relief, attorney's fees (42 U.S.C. §1988), litigation expenses, and costs.

8. No administrative exhaustion or other conditions precedent are required prior to the filing of claims under 42 U.S.C. §1983 (or 42 U.S.C. §1981), however, Plaintiff has exhausted his administrative conditions precedent.

9. All required conditions precedent required under Title VII (42 U.S.C. §2000e et seq.) have been exhausted and/or performed by Plaintiff prior to the filing of this complaint:

   a. Plaintiff filed a charge of racial discrimination on June 9, 2023, with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), within 300 days of the date of the adverse actions for which recovery is sought that is complained of herein.

   b. Plaintiff requested a Right to Sue Letter on January 24, 2024, as there had not been a decision on his charge of racial discrimination.

   c. Plaintiff has not yet received his Notice of Right to Sue as if the date of this filing despite the fact that more than six months elapsed between the time of filing of the Complaint and the request for the Right to Sue letter and the EEOC was required to provide a Right to Sue Letter as a matter of law.

10. This suit is timely filed within the 90 days allowed from the date that the Right to Sue Letter was required to be issued.

11. Plaintiff is a citizen of the United States and the Commonwealth of Pennsylvania and resides in Philadelphia County, Pennsylvania.

12. Plaintiff alleges that as a result of him being Caucasian he was subjected to a pattern of harassment and disparate treatment, and knowingly and illegally harassed, subjected to unjustified and factually unsupported disciplinary actions as compared to other, non-Causation police offers who engaged in the same, similar or worse conduct as that alleged against Plaintiff.

13. The treatment was designed to further a policy of then Philadelphia Police Commissioner Danielle Outlaw of "changing the culture" of the Philadelphia Police Department ("PPD") to make it more diverse in the wake of social unrest arising from the murder of George Floyd at the hands of the police in 2020.

14. The City of Philadelphia treated Plaintiff disparately or pretextually in the terms and conditions of his employment compared with the way non-Caucasian employees who were accused of engaging in the same, similar or worse conduct were treated.

15. Other Caucasian employees, including, but not necessarily limited to SGT. Joseph Stevenson, was subjected to a similar course of conduct that the City of Philadelphia used against Plaintiff including but not limited to appealing favorable union grievance decisions related to a termination of employment based on an allegation that he engaged in domestic violence, even after he was acquitted of the charges at trial.

16. The conduct of the City of Philadelphia and the PPD reflects a pattern of behavior was part of a policy of the PPD, as implemented by Commissioner Outlaw, which was specifically designed to remove Caucasian police officers by treating them in a different manner than non-Caucasian police officers and denying them their procedural and substantive due process rights.

17. The above described policy was applied to Caucasian police officers generally, but was more specifically applied to those Caucasian officers who had been promoted to positions

above the rank and file to make room for non-Caucasian officers to be moved into positions with the ability to influence the entire department.

18. As more fully set forth below, the City of Philadelphia and the PPD treated non-Caucasian officers who were accused of the same, similar or worse conduct in a disparate manner thus creating a two-tiered disciplinary process favorable to non-Caucasians.

## FACTUAL ALLEGATIONS

19. Plaintiff is a Caucasian was first hired by the PPD on August 5, 2023, who had over 19 years of service working for the PPD and the City of Philadelphia when he was terminated for allegedly sexually harassing two female police officers.

20. At the time, Plaintiff had a positive employment record, including multiple commendations, who had risen to the position of Lieutenant was considered a very good police officer and Lieutenant, and had a good reputation across PPD and the City of Philadelphia.

21. Plaintiff had been a Lieutenant for approximately seven years at the time he was terminated.

22. Plaintiff was promoted on several occasions prior to his termination.

23. At the time of Plaintiff's termination, he was scheduled to be promoted to Captain.

24. Plaintiff followed the union grievance procedure after his termination.

25. The City of Philadelphia was found to have acted improperly at every stage of the disciplinary procedure.

26. The City of Philadelphia was repeatedly ordered to reinstate Plaintiff to active duty, compensate him for his back pay and provide him with other relief.

27. Plaintiff admitted engaging in the conduct of which he was accused and had apologized to the alleged victims and the department on more than one occasion but contended that termination was too severe a penalty for the infraction.

28. Plaintiff's position regarding the penalty has been recognized as correct at every stage of the grievance process.

29. Neither of the female police officers ever testified that they had been sexually harassed by Hayes.

30. The arbitrator found that a 50-day suspension without pay was a sufficient penalty for the infraction. A copy of the award is attached hereto and marked as Exhibit "A".

31. The City of Philadelphia persisted in its position that Hayes deserved nothing less than termination despite the arbitrator's decision.

32. The City of Philadelphia appealed the arbitrator's decision to the Commonwealth Court.

33. On January 8, 2024, the Commonwealth Court affirmed the arbitration award. A copy of the opinion is attached hereto and marked as Exhibit "B".

34. The City of Philadelphia has filed for yet another review of the arbitrator's decision in front of the Pennsylvania Supreme Court.

35. The decision to appeal the arbitration award reflected disparate treatment for Hayes as compared to other, non-Caucasian police officers.

36. Inspector Carl Holmes was accused of sexually assaulting three female police officers.

37. Inspector Holmes is African American.

38. As a result of Inspector Holmes' conduct, the City of Philadelphia paid over one million dollars to the victims of his sexual harassment and assault.

39. Inspector Holmes was indicted for the sexual assaults of the three female officers.

40. Inspector Holmes was terminated from his position with the PPD after he was indicted.

41. Eventually, the charges against Holmes were dropped after the victims could not or would not testify at the trial.

42. Inspector Holmes challenged the termination of his position.

43. There was an arbitration decision in favor of Inspector Holmes' reinstatement.

44. The City of Philadelphia did not appeal the arbitration decision.

45. Inspector Holmes was reinstated to his position without even a loss of rank.

46. In 2021, Officer Rahim Montgomery was arrested and charged with sexually assaulting a minor.

47. Officer Montgomery is African American.

48. As a result of the allegations, Officer Montgomery was terminated from the PPD.

49. Officer Montgomery challenged his termination.

50. There was an arbitration decision in favor of Officer Montgomery reinstatement.

51. The City of Philadelphia did not appeal the arbitration decision.

52. Hayes served admirably in the PPD for nineteen years, during which time he received several commendations.

53. Prior to his termination, Hayes did not have any significant disciplinary history.

## COUNT I
## VIOLATIONS OF 42 U.S.C. §1981 THROUGH 42 U.S.C. §1983

51. Plaintiff incorporates by reference the averments contained in all previous paragraphs as if more fully set forth herein.

52. It is believed and therefore averred that the only reason that the City of Philadelphia keeps appealing the determination to reinstate Hayes to his position with the PPD was to further Outlaw's agenda of creating a more diverse police department though the disciplinary process.

53. Hayes was subjected to disparate terms and conditions of employment by the City of Philadelphia and the PPD compared to the way non-white police officers have been treated.

54. The City of Philadelphia's treatment of Hayes was in violation of 42 U.S.C. §1981 through 42 U.S.C. §1983 as he was treated differently than other officers based on his race.

55. Hayes is entitled to damages pursuant to the remedies available to him under 42 U.S.C. §1981 through 42 U.S.C. §1983.

56. The City of Philadelphia's conduct was willful and intentional.

## COUNT II
## VIOLATION OF PROCEDURAL DUE PROCESS RIGHTS

57. Plaintiff incorporates by reference the averments contained in all previous paragraphs as if more fully set forth herein.

58. Hayes, as a public employee, had a constitutionally protected property right in his position as a Philadelphia Police Officer.

59. As such, Defendant was required to comply with Plaintiff's Procedural Due Process Rights as guaranteed by the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution, prior to terminating his position with the PPD.

60. At a minimum, Procedural Due Process requires that there be notification and an opportunity for the aggrieved party to be heard.

61. In order to comply with an individual's Procedural Due Process Rights, there cannot be a decision made prior to the ability of the aggrieved party to be heard.

62. Defendant, by and through its agents, servants and/or employees, made the decision to terminate Hayes prior to conducting the Internal Affairs interview, which never, in fact, took place.

63. Defendant then denied Plaintiff the opportunity to heard.

64. Defendant thwarted Plaintiff's opportunity to defend his constitutionally protected property rights at every possible term and in every possible way.

65. By making the determination that Plaintiff was going to be recommended for termination without the benefit of an Internal Affairs interview, Defendant denied Plaintiff his Procedural Due Process Rights.

66. Defendant's denial of Plaintiff's Procedural Due Process rights was doing knowingly and intentionally in an effort to hurt Plaintiff.

67. As a result of Defendant's denial of Plaintiff's Procedural Due Process Rights, Plaintiff sustained significant and ongoing damages.

**COUNT III**
**VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHTS**

57. Plaintiff incorporates by reference the averments contained in all previous paragraphs as if more fully set forth herein.

58. Plaintiff, as a public employee, had a constitutionally protected property right in his position as a Philadelphia Police Officer.

59. As such, Defendant was required to comply with Plaintiff's Substantive Due Process Rights as guaranteed by the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment to the United States Constitution, prior to terminating his position with the PPD.

60. Plaintiff was terminated from his position as a Philadelphia Police Officer, as a result of which, Plaintiff had his Constitutionally Protected Property Right in his position as Philadelphia Police Officer taken away from him based solely upon a claim of sexual harassment despite the fact that neither of the alleged victims ever testified that they were sexually harassed.

61. The City of Philadelphia improperly deprived Plaintiff of a Constitutionally Protected Property Right without substantive.

62. The City of Philadelphia's conduct was willful and intentional.

## DAMAGES

63. Because of the statutorily impermissible and willful, if not malicious, acts of THE City of Philadelphia, and its representatives, Plaintiff seeks prospective injunctive relief, attorney's fees and costs.

64. Specifically, Plaintiff seeks an order of reinstatement into his position with all benefits returned and an order instructing the City of Philadelphia to cease discriminating against Plaintiff and its Caucasian employees, as well as reasonable attorney's fees, and costs pursuant to 42 U.S.C. §1981 through 42 U.S.C. §1983, and 42 U.S.C. §1988.

## EQUITABLE RELIEF

65. Equitable and compensatory damages are the only means of securing adequate relief for Plaintiff.

66. Plaintiff suffered, is now suffering, and will continue to suffer irreparable injury from the unlawful conduct by the City of Philadelphia, as set forth herein until and unless enjoined by the Court, to include but not be limited to reinstatement of his position with benefits returned, 42 U.S.C. §1983 (42 U.S.C. §1981).

67. Plaintiff seeks awards of back pay and front pay for the loss of income as a result of his discharge by the City of Philadelphia, Plaintiff's employment and as a result of Plaintiff's negative experiences in that regard to include the unfair treatment, discipline, and evaluation compared to other similarly situated non-white employees.

68. Plaintiff is entitled to awards of pre- and post-judgment interest on any amounts awarded to him.

69. Plaintiff is entitled to punitive damages based on Defendant's intentional conduct in discriminating against him and intentionally denying Plaintiff his procedural and substantive due process rights.

## LEGAL RELIEF

70. Plaintiff seeks compensatory, expectation, and/or consequential damages, as well as punitive damages due to the illegal conduct of the City of Philadelphia as alleged herein related to Plaintiff's disparate treatment claims.

71. Plaintiff seeks attorney's fees, costs, and expert fees. 42 U.S.C. §1988.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Honorable Court enter judgment:

a. Granting Plaintiff all equitable damages including reinstatement of his position as a Philadelphia Police Officer, front pay, lost benefits and profits;

b. Awarding Plaintiff compensatory, consequential, and punitive damages;

      c.      Granting Plaintiff pre and post-judgment interest in the highest lawful amount;

      d.      Granting Plaintiff reasonable attorney's fees, together with his costs; and

      e.      Such other and further relief as the Court determines justice and equity so require.

      Respectfully submitted,

      FEINSTEIN & FIORAVANTI

BY: _____
      Steven C. Feinstein, Esquire
      Attorney ID No: 48737
      2633 E. Allegheny Avenue
      Philadelphia, PA 19134
      Office: 215.598.2130
      Email: sfeinstein@portrichmondlawcenter.com
      Attorney for Plaintiff

Date:  February 16, 2022