IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARC HAYES,** | : | |
| | : | |
| Plaintiff, | : | Civil Action |
| | : | |
| vs. | : | |
| | : | No. 24-0797 (GAM) |
| **CITY OF PHILADELPHIA,** | : | |
| | : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this ____ day of _____, 2024, upon consideration of defendant the City of Philadelphia's MOTION TO DISMISS Plaintiff's Complaint and Plaintiff's response, it is ORDERED that Plaintiff's complaint is dismissed with prejudice.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC HAYES, | : |
| Plaintiff, | : Civil Action |
| vs. | : |
| | : No. 24-0797 (GAM) |
| CITY OF PHILADELPHIA, | : |
| Defendant. | : |

**DEFENDANT THE CITY OF PHILADELPHIA'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

NOW COMES defendant the City of Philadelphia, by and through its undersigned attorney, Nicole S. Morris, Esq., to move for an order dismissing with prejudice Plaintiff's Complaint. Defendant respectfully submits that such relief is warranted for the reasons set forth in the accompanying memorandum of law.

Respectfully submitted,

CITY OF PHILADELPHIA LAW DEPARTMENT
RENEE GARCIA, City Solicitor
ANNE TAYLOR, Chair, Litigation Group

_/s/ Nicole S. Morris_
NICOLE S. MORRIS
Chief Deputy City Solicitor
Pa. Attorney ID No. 88265
Labor & Employment Unit
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
(215) 847-9019

Dated: April 23, 2024

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC HAYES, | : |
| Plaintiff, | : Civil Action |
| vs. | : |
| CITY OF PHILADELPHIA, | : No. 24-0797 (GAM) |
| Defendant. | : |

**DEFENDANT THE CITY OF PHILADELPHIA'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant the City of Philadelphia moves for dismissal of Plaintiff's Complaint. Plaintiff fails to state a plausible claim for alleged violations of 42 U.S.C. § 1981, 42 U.S.C. § 1983 and the Due Process Clause.

**I.     STATEMENT OF FACTS**

Plaintiff is Caucasian and a former member of the Philadelphia Police Department. Plaintiff's Complaint at ¶ 19. The Police Department terminated Plaintiff after he sexually harassed two female police officers. *Id.* "Plaintiff admitted that he engaged in the conduct of which he was accused and had [sic] apologized to the alleged victims and the department…" *Id.* at ¶ 27. At the time of his termination, Plaintiff held the rank of Lieutenant. *Id.* at ¶ 20.

After he was terminated, Plaintiff followed the union grievance procedure. *Id.* at ¶ 24; *see also* Exhibit B to Plaintiff's Complaint, the Opinion and Award of the arbitrator in the Matter of Arbitration between the Fraternal Order of Police, Lodge No. 5 "Union" and the City of Philadelphia, AAA Case No. 01-20-0015-6622. This procedure culminated in an

2

arbitration hearing to determine whether the City met its burden in levying discipline against Plaintiff and if termination was proportionate to the charges. Exhibit B, page 2. The hearing was held on June 17 and 22, 2022. Exhibit B, page 1, 9. During the hearing, evidence was presented that Plaintiff was discharged on July 9, 2020 after he engaged in misconduct toward two of his female subordinate detectives in August 2018. Id. at 2, 10. The arbitrator summarized the City's evidence against Plaintiff as follows:

> Hayes engaged in an extended exchange of text messages with his subordinates Rocks and Parrilla, which were inappropriate and laced with sexual innuendo. After releasing them from duty, it points out, he continued and escalated this offending conduct by sending them each a copy of a sexually explicit video, which he transmitted twice to ensure it was received.
>
> Subsequently, it notes, when this conduct because the subject of an IAD investigation based upon an anonymous complaint, he exacerbated his transgressions by attempting to influence the statements provided by Rocks and Parrilla. He did so, it states, by suggesting they could feign a lack of recall when questions regarding the video. [*Id.* at 10.]

The "sexually explicit video" the arbitrator references is a one minute, twenty-seven second video of a dog performing oral sex on a woman. *Id.* at 4.

Plaintiff testified during the hearing, admitting that he sent the text messages and video to the detectives as a joke with no intent to harass them. *Id.* at 7. At the conclusion of the City and the union's case on behalf of Plaintiff, the arbitrator found that a 50-day suspension without pay was a sufficient penalty for the infraction and ordered the City to reinstate Plaintiff. Complaint, ¶¶ 26, 30; Exhibit B at 25. The City appealed the arbitrator's decision to the Commonwealth Court of Pennsylvania. *Id.* at ¶ 33. On January 8, 2024, the Court affirmed the arbitration award. *Id.* at ¶ 33. The City appealed the Commonwealth Court's decision to the Pennsylvania Supreme Court. *Id.* ¶ 34

Plaintiff alleges that the City has not appealed arbitration decisions regarding non-Caucasian police officers, including African American Inspector Carl Holmes[1] and Police Officer Rahim Montgomery[2]. *Id.* at ¶¶ 35-51. He claims this demonstrates disparate treatment for Hayes compared to other, non-Caucasian police officers, and is part of a pattern of behavior to remove Caucasian police officers by treating them differently than non-Caucasian police officers and denying them procedural and substantive due process. *Id.* ¶¶ 35, 17.

Plaintiff's Complaint avers three grounds for relief against the City. Count I alleges violations of 42 U.S.C. § 1981 "through 42 U.S.C. § 1983," as Plaintiff was allegedly subjected to disparate terms and conditions of employment and treated differently than other officers based on his race. Complaint, ¶¶ 53-54. Count II alleges that the City denied Plaintiff his procedural due process rights, guaranteed to him by the Fifth and Fourteenth Amendments, by failing to provide him with a hearing prior to his termination. *Id.* at ¶¶ 59, 62. Count II also alleges violations of his rights protected by the Fifth and Fourteenth Amendments but with respect to his substantive due process rights. *Id.* at ¶ 59. Specifically, Plaintiff claims he has a constitutionally protected property right in his employment as a Philadelphia Police Officer and that right was violated when he was terminated for sexual harassment despite "the fact that neither of the alleged victims ever testified that they were sexually harassed." *Id.* at 60.

---

[1] Plaintiff alleges Holmes was accused of sexually assaulting three police officers, indicted for those acts and terminated by the Department. After the criminal charges were dropped, Holmes challenged his termination through the arbitration process, won reinstatement, and the City did not appeal the decision. Complaint at ¶¶ 36-44.
[2] Plaintiff claims that in 2021, Officer Rahim Montgomery was terminated from the department, he challenged it through arbitration, the arbitrator awarded reinstatement, and the City did not appeal the decision. Complaint at ¶¶ 46-51.

For each averred violation of plaintiff's alleged rights, plaintiff seeks prospective injunctive relief, attorney's fees and costs, as well as "an order of reinstatement into his position with all benefits returned and an order instructing the City of Philadelphia to cease discriminating against Plaintiff and its Caucasian employees…" *Id.* at ¶¶ 63-64.

## II.     STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the allegations contained in the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). When considering such a motion, the court "accept[s] as true the facts alleged in the complaint and all reasonable inferences that can be drawn from them. Dismissal under Rule 12(b)(6) . . . is limited to those instances where it is certain that no relief could be granted under any set of facts that could be proved." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990).

This liberal pleading standard, however, does not excuse plaintiffs from adequately stating claims and supporting those claims with facts consistent with those allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Nor must a court credit "a complaint's 'bald assertions.'" *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citing *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Although a court must consider the pleadings as true when evaluating a motion to dismiss, a court need not consider a plaintiff's bare legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (holding that all civil complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

As the U.S. Court of Appeals for the Third Circuit has recognized, this plausibility standard requires the district court to conduct a two-part analysis of complaints. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). First, courts should separate "the

factual and legal elements of a claim, so that while the district court must 'accept all of the complaint's well-pleaded facts as true,' it may "disregard any legal conclusions."' *Id*. Second, courts must then determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. (citing *Iqbal*, 129 S. Ct. at 1950).

III. **LEGAL ARGUMENT**

Plaintiff's complaint should be dismissed. First, Plaintiff fails to state a claim of discrimination under 42 U.S.C. § 1981, 42 U.S.C. § 1983 and *Monell* because he has established a violation of the Equal Protection Clause, nor has he identified a policy or custom _____. Next, he fails to state a claim for a violation of his due process rights as he has no fundamental right to public employment and because he received the process to which he was entitled. As such, his claims under the due process clause must be dismissed with prejudice.

A. **Plaintiff Fails to State a Plausible Claim for Relief under Either Section 1981 or 1983.**

42 U.S.C. § 1981 proscribes intentional discrimination based upon race in the making and enforcement of contracts. *Rivers v. Roadway Exp., Inc.*, 511 U.S. 298, 302 (1994). The statute, amended by the Civil Rights Act of 1991, embraces an expansive definition of "make and enforce contracts" to include the "making, performance, modification, and termination of contracts, and the employment of all benefits, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). While Section 1981 confers a direct cause of action for claims brought against private individuals, "no implied private right of action exists against state actors under [Section] 1981." *McGovern v. City of Phila.*, 554 F.3d 114, 122 (3d Cir. 2009). Rather, 42 U.S.C. § 1983 provides the exclusive federal damages remedy

6

for violations of rights guaranteed by Section 1981 with respect to alleged violations pressed against a state actor. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989); *see also Ford v. Se. Pa. Trans. Auth.*, 374 Fed.Appx. 325, 326 (3d Cir. 2010) ("[T]he exclusive remedy for relief from a state agency for civil rights violations, including race discrimination, is [Section] 1983.").

### i. Plaintiff Fails to Plead a Plausible Race Discrimination Claim Under Section 1983.

In Count I, it appears that Plaintiff attempts to bring an equal protection claim against the City under Section 1983. "To establish a *prima facie* case under 42 U.S.C. § 1983, [Plaintiff] must demonstrate that a person acting under color of law deprived him of a federal right." *Brown v. City of Philadelphia*, CV 18-1126, 2019 WL 415328, at *2 (E.D. Pa. Jan. 31, 2019) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995)). Plaintiff must also show that the person acting under color of law intentionally violated his constitutional rights or acted with deliberate indifference in violation of those rights. *Brown*, 2019 WL 415328, at *2. *See also Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843–44 (1998); *Brower v. Cty. of Inyo*, 489 U.S. 593, 596 (1989) (citing *Hill v. California*, 401 U.S. 797, 802–05 (1971)); *Berg v. Cty. of Allegheny*, 219 F.3d 261, 269 (3d Cir. 2000).

Equal protection discrimination claims are evaluated under the same test as Title VII claims. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 n.1 (1993); *Stewart v. Rutgers, State Univ.*, 120 F.3d 426, 432 (3d Cir. 1997). To bring a successful claim under 42 U.S.C. § 1983 for a denial of equal protection, Plaintiff "must prove the existence of *purposeful discrimination*." *Livingston v. Borough of Edgewood*, 430 Fed.Appx. 172, 178 (3d Cir. 2011) (citing *Andrews v. City of Phila.*, 895 F.2d 1469, 1478 (3d Cir.1990) (emphasis added)). Plaintiff must demonstrate that he received different treatment from that received by other

7

individuals similarly situated and the different treatment was improperly motivated by discrimination or punishment for exercising a constitutional right. *Zappan v. Pennsylvania Bd. of Prob. & Parole*, 152 Fed.Appx. 211, 219 (3d Cir. 2005) (citations omitted).

An essential element of an equal protection claim is that the parties are "similarly situated." *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005). To be "similarly situated" for purposes of an equal protection claim, the employees to whom Plaintiff compares himself must be similar to him in "all relevant respects" except membership in a protected class. *Singh v. Wal-Mart Stores, Inc.*, No. 98-1613, 1999 WL 374184, at *7 (E.D. Pa. June 10, 1999); *see also Miller v. Delaware Dep't of Probation and Parole*, 158 F. Supp. 2d 406, 411(D. Del. 2001) (to establish a "similarly situated" employee, plaintiff must show that the employment situation is nearly identical to those of employees whom he alleges were treated more favorably). In determining whether two employees are similarly situated, relevant factors include a showing that the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without much differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them. *McCullers v. Napolitano*, 427 Fed. Appx. 190, 195 (3d Cir. 2011) (citation omitted).

Plaintiff alleges that the only reason the City of Philadelphia continues to appeal the decision to reinstate him is to further Commissioner Outlaw's agenda of creating a more diverse police department through its disciplinary process. Count I, ¶ 52. This is insufficient to state a claim for relief.

First, although Plaintiff claims that "the City of Philadelphia" continues to appeal the decision to reinstate him, he has not identified a person acting under the color of state

law who deprived him of a right. At the time Plaintiff filed his Complaint on February 24, 2024, Danielle Outlaw was not the Commissioner of the Philadelphia Police Department. She resigned, effective September 22, 2023. https://whyy.org/articles/philadelphia-police-danielle-outlaw-resigns-port-authority/. Plaintiff has not identified any other person who deprived him of a right.  As such, Plaintiff's theory that the only reason the City of Philadelphia continues to appeal the decision to reinstate his employment is to further former Commissioner Outlaw's agenda of creating a more diverse police department through its disciplinary process is merely an allegation and not based in fact. Such a conclusory allegation fails and is not entitled to any presumption of truth. Although a plaintiff's allegations are ordinarily entitled to a presumption of truth, this "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id*. This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

      Moreover, Plaintiff fails to plead facts demonstrating that he is similarly situated to the African American members of the Philadelphia Police Department he alleges received preferential treatment on the basis of their race – Holmes and Montgomery. Plaintiff fails to allege that these black officers were of the same rank as he, or that they violated the same provisions of the Police Department's Disciplinary Code, that Commissioner Outlaw made the decision to terminate each of them, that their termination was based on similar conduct, that Officer Montgomery directed his actions toward female members of the department

9

and that three arbitration decisions were issued by the same arbitrator and based on the same rationale as Hayes', the latter which is certainly relevant to the reasons for an appeal. As such, Plaintiff's allegations concerning the appeal of the arbitrator's decision fails to support race discrimination claim under Section 1983.

### ii. Count I Fails Because Plaintiff Fails to State a Plausible *Monell* Claim.

Plaintiff seeks to impose municipal liability on the City by alleging that the City subjected him to a pattern of harassment and disparate treatment in furtherance of a policy of former Police Commissioner Danielle Outlaw. Complaint at ¶¶ 12-13.

With respect to municipal liability, it is well established that a plaintiff cannot recover against the City of Philadelphia upon a *respondeat superior* theory. In order for plaintiff to prevail against the City, he must prove that a constitutionally protected right has been violated, and that the alleged violation resulted from a municipal "custom" or "policy" of deliberate indifference to the rights of citizens. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).

#### a. Plaintiff fails to state a plausible claim that the City has a municipal policy, custom, or practice that caused his injury.

To the extent that plaintiff alleges that the City has a policy, custom or practice to violate its employees' civil rights, Count I fails. *Monell* held that a municipality is potentially is liable under section 1983 only if the plaintiff can prove that city employees were executing an officially adopted policy declared by City officials or that the employees were acting pursuant to an officially adopted custom or practice of the municipality. 436 U.S. at 690-91. Plaintiff must allege that the execution of a governmental policy, whether

10

made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicted the injury. *Id.* at 694. A municipal "custom" within the meaning of section 1983 consists of practices engaged in by state officials that are so permanent and well-settled as to constitute a "custom or usage" with the force and effect of law. *Id.* at 691. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that *it was caused by* an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-824 (1985) (emphasis added).

Moreover, "municipal liability under section 1983 attach[es] where – *and only where* – a deliberate choice to follow a course of action is made from among various alternatives." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (emphasis added). Thus, before municipal liability will be imposed, the plaintiff must allege that the municipality's alleged unconstitutional practices are "so widespread as to have the force of law." *Board of County Commrs. of Bryan County v. Brown*, 502 U.S. 397, 404 (1997). *Accord*, *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).

Plaintiff's *Monell* claim against the City is wholly implausible and must be dismissed. According to the Complaint,

- "as a result of him being Caucasian he was subjected to a pattern of harassment and disparate treatment, and knowingly and illegally harassed, subjected to unjustified and factually unsupported disciplinary actions as compared to other, non-Caucasian police officers who engaged in the same, similar or worse conduct as that alleged against Plaintiff"; and

11

- "The treatment was designed to further a policy of then Philadelphia Police Commissioner Danielle Outlaw of 'changing the culture' of the Philadelphia Police Department ('PPD') to make it more diverse in the wake of social unrest arising from the murder of George Floyd at the hands of police in 2020"; and

- "The conduct of the City of Philadelphia and the PPD reflects a pattern of behavior that was part of a policy of the PPD, as implemented by Commissioner Outlaw, which was specifically designed to remove Caucasian police officers by treating them in a different manner than non-Caucasian police officers and denying them their procedural and substantive due process rights"; and

- "The above described policy was applied to Caucasian police officers generally, but was more specifically applied to those Caucasian officers who had been promoted to positions above the rank and file to make room for non-Caucasian officers to be moved into positions with the ability to influence the entire department."

Complaint at ¶¶ 12, 13, 16, 17. These allegations consist of nothing more than a string of labels masquerading as factual averments. Thus, like the plaintiff's case in *Iqbal*, Count I against the City must be dismissed.

In *Iqbal*, the plaintiff sought to hold John Ashcroft, the former attorney general, and Robert Mueller, then the director of the FBI, responsible for an alleged policy of harsh confinement conditions. 129 S. Ct. at 1942-43. Although the plaintiff brought a *Bivens* claim, the Court's analysis is instructive because a *Bivens* claim is "the 'federal analog to

12

suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" *Id.* at 1948 (*quoting Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)). In that case, Iqbal alleged that Ashcroft and Mueller approved a "policy of holding post-September—11th detainees in highly restrictive conditions of confinement until they were 'cleared' by the FBI" and "'knew of, condoned, and willfully and maliciously agreed to subject' [Iqbal] to harsh conditions of confinement 'as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest.'" *Id.* at 1944 (*quoting* Iqbal's complaint). Ashcroft was identified as the "architect" of the policy and Mueller as "instrumental" in adopting, promulgating, and implementing it. *Id.*

The Supreme Court said that those allegations were insufficient to establish a plausible claim against the defendants. The assertions were described as "bare" and "nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim,' . . . As such, the allegations are conclusory and not entitled to be assumed true." *Id.* at 1951 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although these inadequate allegations were directed at individuals rather than a municipal defendant, the same principles hold true in the instant case. *See McTernan v. York*, 564 F.3d 636, 659 (3d Cir. 2009) (dismissing *Monell* claims for lack of specific factual allegations). In fact, Iqbal pled more actual facts (that he was detained because of his race, religion, or national origin) than Plaintiff does. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Because plaintiff's *Monell* claim against the City is nothing more than a string of legal conclusions, and because Plaintiff does not identify an actual policy or municipal practice or

13

custom that would have the effect of discriminating against or otherwise harassing Plaintiff, this claim should be dismissed.

Moreover, according to his own pleadings, the Philadelphia Police Department dismissed each of the members he mentions, all three members availed themselves of the grievance and arbitration process, and all three were awarded reinstatement by arbitrators. These facts do not support his claim of a "pattern of behavior that was part of a policy of the PPD, as implemented by Commissioner Outlaw, which was specifically designed to remove Caucasian police officers by treating them in a different manner than non-Caucasian police officers and denying them their procedural and substantive due process rights." Thus, Count I against the City must be dismissed.

### B. Count II Fails Because Plaintiff Fails to State A Plausible Procedural Due Process Claim.

Counts II must be dismissed with prejudice because Plaintiff cannot state an adequate procedural due process claim. In fact, Plaintiff has pled facts demonstrating that he is protected by a collective bargaining agreement that provides for detailed post-deprivation procedures and that he availed himself of that process. Plaintiff is not entitled to any further process, and his claim must be dismissed with prejudice.

### 1. Plaintiff received all the process to which he was due, and his procedural due process claim fails as a matter of law.

Although the City concedes that the collective bargaining agreement between the parties does create a property interest in Plaintiff's employment, Plaintiff received all the process to which he was due, and, therefore, his claim fails as a matter of law. Even where a property right exists, the Due Process clause is not violated if there is an "opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S.

319, 332 (1976) (*quoting Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)).  What constitutes a "meaningful" hearing depends on the alleged deprivation because "due process is flexible and calls for such procedural protections as the particular situation demands."  *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).   As the U.S. Supreme Court later explained, individuals must be afforded notice of the deprivation and an opportunity to be heard.  *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985).

In this case, Plaintiff is a member of a union who, on his behalf, agreed to an extensive post-deprivation grievance procedure, which includes the right to a hearing before a neutral arbitrator.  The U.S. Court of Appeals for the Third Circuit has held that if grievance and arbitration procedures are in place for a public employee, those procedures satisfy due process requirements, even if a hearing or initial decisions made by an employer are inherently biased.  *See Dykes v. SEPTA*, 68 F.3d 1564, 1570-71 (3d Cir. 1995) (rejecting procedural due process challenge where employee had access to grievance procedure).  By his own pleadings, Plaintiff admits he engaged in the grievance process. Therefore, as a matter of law, plaintiff cannot maintain his procedural due process claim, and Claim II must be dismissed with prejudice.

    **C. Count III of the Complaint Should Be Dismissed Because Plaintiff Has Not Pled, Not Can He Plead, Facts Sufficient to Demonstrate The City of Philadelphia Violated His Substantive Due Process Rights.**

In Count III of his Complaint, Plaintiff alleges that the City denied him substantive due process by terminating his constitutionally protected employment "based solely upon a claim of sexual harassment despite the fact that neither of the alleged victims testified that they were sexually harassed." Complaint at ¶ 60.

"To establish a substantive due process claim, a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience." *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008). Conduct "shocks the conscience" only if it "encompasses '[] the most egregious official conduct.'" *United Artists Theatre Circuit Inc. v. Warrington,* 316 F.3d 392, 400 (3d Cir. 2000) (*quoting County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998)).

First, Plaintiff must establish that his right to employment is protected by the due process clause. Substantive due process protects only "fundamental" rights from government conduct that "shocks the conscience." *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 140 (3d Cir. 2000) (substantive due process protects only "basic rights that underlie our society"); *Sameric Corp. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998) (state action depriving plaintiff of fundamental right must be arbitrary and capricious). Public employment is not a fundamental right. *See, e.g., Hill v. Borough of Kutztown*, 455 F.3d 225, 235 & n.6 (3d Cir. 2006) (dismissing plaintiff's substantive due process claims because there is no protection for public employment); *Lape v. Pennsylvania*, 157 Fed. Appx. 491, 500 (3d Cir. 2005) (no substantive due process property interest in public employment). Therefore, as a threshold matter, plaintiff's substantive due process challenge must fail because he does not have a fundamental right to his employment. Moreover, as discussed above, because Plaintiff received the procedural due process he was entitled to, he has failed to state a claim against the City for a violation of his due process rights. *See Nicholas v. Pennsylvania State Univ.*, 227 F.3d at 142. Because Plaintiff has not established a violation of his due process rights, Counts II and III must be dismissed with prejudice.

## IV. CONCLUSION

Because Plaintiff has no plausible claims under the Due Process or Equal Protection Clauses, this portion of his Complaint must be dismissed with prejudice. Further, because Plaintiff cannot state a plausible claim for municipal liability and race discrimination, Count I of his Complaint must be dismissed.

Dated: April 21, 2024               Respectfully submitted,

                                                     CITY OF PHILADELPHIA LAW DEPARTMENT

                                                     RENEE GARCIA, City Solicitor
                                                     ANNE TAYLOR, Chair, Litigation Group

                                                     */s/ Nicole S. Morris*

                                                     NICOLE S. MORRIS
                                                     Chief Deputy City Solicitor
                                                     Pa. Attorney ID No. 88265
                                                     Labor & Employment Unit
                                                     1515 Arch Street, 15th Floor
                                                     Philadelphia, PA 19102
                                                     (215) 847-9019

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, the Defendant's Motion to Dismiss Plaintiff's Complaint was electronically filed, served and is available for viewing and downloading via the Court's ECF system.

DATED: April 21, 2024

                                              NICOLE S. MORRIS
                                              Chief Deputy City Solicitor